UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TREVIS D. BAKER,

        Petitioner,

    v.
                                                  20-CV-75-LJV-LGF
                                                  DECISION & ORDER
JAMES P. THOMPSON, *New York State
D.O.C.C.S.*,

        Respondent.
_____

        On January 21, 2020, the *pro se* petitioner, Trevis D. Baker, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. On April 14, 2020, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10. After Judge Foschio dismissed the respondent's first motion to dismiss as moot, Docket Item 14, the respondent requested that the Court either dismiss Baker's petition or extend the respondent's time to answer, Docket Item 16.

        Baker apparently was released from prison on May 14, 2021. *Id.* Because Baker did not provide the Court with a current address after his release, the respondent asked that Baker's petition be dismissed under Local Rule of Civil Procedure 5.2(d). *Id.* Baker did not respond to that letter. In fact, several mailings to Baker's last known address have been returned as undeliverable, *see, e.g.*, Docket Items 15, 18, 20, and the Court does not have another way to contact him.

        On October 26, 2021, Judge Foschio issued a Report and Recommendation ("R&R") finding that the petition should be dismissed because Baker failed to prosecute

the case and because he failed to provide a current address.  Docket Item 19.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to dismiss the petition.

Local Rule of Civil Procedure 5.2(d) requires that *pro se* litigants "furnish the Court with a current address at which papers may be served" and warns that the "[f]ailure to do so may result in dismissal of the case[] with prejudice."  As noted above, Baker has not done that.  Moreover, the respondent's letter request set forth the possible consequence of Baker's failure to comply with Local Rule 5.2(d), and Baker did not file any objection after Judge Foschio recommended that his petition be dismissed.  In fact, Baker still has not provided this Court with an updated address or otherwise

participated in this case.  Because of all that, the Court agrees with Judge Foschio that his petition should be dismissed under Local Rule 5.2(d).[1]

For the reasons stated above and in the R&R, Baker's petition for a writ of habeas corpus, Docket Item 1, is DISMISSED.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Baker must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] Because this Court agrees that the petition should be dismissed under Local Rule 5.2(d), it does not address whether the petition also should be dismissed for failure to prosecute.

SO ORDERED.

Dated:    February 16, 2022
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE